UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN SERNA, AV6671,

Petitioner,

v.

PATRICK COVELLO, Warden,

Respondent.

Case No. 19-cv-02618-CRB (PR)

**ORDER GRANTING MOTION FOR STAY AND ADMINISTRATIVELY CLOSING CASE**

(ECF No. 65)

**I.**

Petitioner, a state prisoner incarcerated at Mule Creek State Prison (MCSP), has filed a pro se motion for a stay under Rhines v. Weber, 544 U.S. 269 (2005), to allow him to exhaust two new claims of ineffective assistance of trial and appellate counsel. For the reasons set forth below, the motion will be granted.

**II.**

Petitioner was convicted by a jury in Contra Costa County Superior Court of perpetrating various sex crimes against his 10-year-old daughter in three separate incidents during the summer of 2012. On December 19, 2014, he was sentenced to an indeterminate term of 25 years to life in state prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on February 14, 2018 denied review.

On May 6, 2019, petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction on two grounds: (1) the trial court's admission of his daughter's out-of-court statements violated his federal constitutional rights to confront and cross-examine witnesses and to present a complete defense; and (2) ineffective assistance of trial counsel for not impeaching a key witness or calling petitioner's mother to testify, presenting the inconsistent and weak defense that petitioner had erectile dysfunction, and not fully cross-examining petitioner's daughter at trial.

United States District Court
Northern District of California

On September 18, 2019, the court found that the petition appeared to state cognizable claims for relief under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent filed an answer to the order to show cause on November 18, 2019 and petitioner filed a traverse on February 3, 2020.

On March 2, 2020, petitioner filed a request to stay his petition under Rhines to exhaust new claims in state court.  Because the request did not specify what new claims petitioner was seeking to exhaust in the state courts or explain why he did not exhaust them earlier, the court denied it "without prejudice to petitioner filing a motion if he can show (1) 'good cause' for his failure to exhaust in state court, (2) that his unexhausted claims are not 'plainly meritless,' and (3) that he has not engaged in 'intentionally dilatory litigation tactics.'" Mar. 11, 2020 Order (ECF No. 32) at 1 (quoting Rhines, 544 U.S. at 278).

On July 21, 2020, the court noted that petitioner had not filed a motion for a stay "despite being given time to do so" and proceeded to review the claims in the submitted petition.  July 21, 2020 Order (ECF No. 33) at 1.  The court denied the petition on the merits and denied a certificate of appealability.  Id. at 21.  It also entered judgment.  July 21, 2020 J. (ECF No. 34).

On September 10, 2020, petitioner filed a notice of appeal and a motion for reconsideration arguing that the court improperly had denied him "the opportunity to exhaust" new claims "related to his incompetency to stand trial" and to "amend his federal habeas petition" to add these claims.  Mot. (ECF No. 36) at 2.  The court directed respondent to file a response to the motion for reconsideration and, on October 13, 2020, respondent filed an opposition to the motion.  Petitioner then sought several extensions of time to file a reply until he finally did so on April 5, 2021.

On May 28, 2021, the court noted that petitioner's reply set forth "new claims and arguments in support of reconsideration not raised in his September 10, 2020 motion for reconsideration" and dismissed the motion for reconsideration "without prejudice to his filing, within 60 days of this order, a new motion for reconsideration/motion to vacate judgment containing all claims and arguments on which he believes he is entitled to relief from the final judgment entered on July 21, 2020." May 28, 2021 Order (ECF No. 53) at 2.

On September 30, 2021, petitioner filed a new motion for reconsideration and/or relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) asking the court to vacate its

July 21, 2020 judgment to allow him: (1) to seek a stay under <u>Rhines</u> to exhaust new federal claims in state court and to amend his petition to add the new claims once exhausted, and (2) to timely appeal the July 21, 2020 denial of the claims in his petition.  The court granted the motion "to allow petitioner to seek a stay to exhaust new federal claims in state court" and instructed the clerk to vacate the judgment entered on July 21, 2020.  Apr. 22, 2022 Order (ECF No. 61) at 4.

On August 10, 2022, petitioner filed a new motion for a stay under <u>Rhines</u> and a request for appointment of counsel.  He also filed a proposed first amened petition (FAP) alleging the two claims raised in the original petition (claims 1 and 2) and six additional new claims (claims 3 thru 8).  Claim 3 alleges a due process violation by the trial court's refusal to hold a hearing regarding petitioner's daughter's competence to testify; claim 4 alleges misconduct by support people present at trial denied petitioner a fair trial; claim 5 alleges insufficient evidence supports counts one, and three thru seven; claim 6 alleges a denial of due process from a biased judge who presided over the motion for a new trial; claim 7 alleges ineffective assistance of trial counsel for failing to develop evidence of petitioner's severe mental disorders proving that he lacked the necessary mental state for any of the charges; and claim 8 alleges that trial and appellate counsel both had irreconcilable conflicts of interest (trial counsel was biased against defendants who were charged with sex crimes against children and appellate counsel represented petitioner on both the motion for a new trial and appeal) that resulted in depriving petitioner of effective assistance of counsel at both trial and appeal.  <u>See</u> ECF No. 66-1 at 6-18.  Petitioner submits that claims 3 thru 6 were exhausted on direct appeal but that claims 7 and 8 are based on newly discovered evidence and unexhausted.  Petitioner specifically seeks a stay under <u>Rhines</u> to exhaust claims 7 and 8.

**III.**

A district court may stay a federal petition that includes both exhausted and unexhausted claims to allow the petitioner to exhaust in state court.  <u>See</u> <u>Rhines</u>, 544 U.S. at 277-78.  But the petitioner must show (1) "good cause" for his failure to exhaust in state court, (2) that his unexhausted claims are not "plainly meritless," and (3) that he has not engaged in "intentionally dilatory tactics."  <u>Id.</u> at 278.  "Good cause" in the context of a <u>Rhines</u> stay turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence to justify the failure

United States District Court
Northern District of California

1   to exhaust.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014); see also Pace v. DiGuglielmo, 544

2   U.S. 408, 416- 417 (2005) (reasonable confusion regarding timeliness of state filing ordinarily

3   constitutes good cause under Rhines).

4          The court is satisfied that petitioner has made a sufficient showing for a Rhines stay under

5   the circumstances.  Although petitioner's two new claims of ineffective assistance of trial and

6   appellate counsel (claims 7 and 8) will require him to go beyond the current pleadings to prove

7   prejudice to obtain relief, neither claim is plainly meritless; petitioner has not engaged in

8   intentional dilatory litigation tactics; and petitioner's documented history of mental illness (see

9   ECF Nos. 22 & 58) and claim of ineffective assistance of counsel for failing to develop a mental

10  illness defense constitute good cause under Rhines.  See Blake, 745 F.3d at 982-84 (reversing

11  denial of stay when petitioner supported his good cause argument of postconviction ineffective

12  assistance of counsel with evidence that counsel failed to discover, investigate, and present to state

13  courts readily available evidence of petitioner's abusive upbringing and compromised mental

14  condition).  In fact, petitioner's documented prior but unsuccessful attempts to exhaust the new

15  claims during the pendency of this federal action without the assistance of counsel (see ECF No.

16  50 Exs. P, R, S & T) further support a finding of good cause under Rhines in this case.  See Dixon

17  v. Baker, 847 F.3d 714, 721-22 (9th Cir. 2017) (lack of counsel during state post-conviction

18  proceedings qualifies as "good cause" under Rhines).  Accordingly, a stay under Rhines will issue

19  to allow petitioner to exhaust claims 7 and 8.

20                                              **IV.**

21         In addition to a stay under Rhines to exhaust claims 7 and 8, petitioner seeks leave to file

22  the proposed FAP to add exhausted new claims 3 thru 6, and unexhausted new claims 7 and 8.

23  The request is denied without prejudice to renewing it after petitioner exhausts claims 7 and 8 in

24  the state courts and moves to reopen this case and lift the court's stay, if needed.

25         Petitioner is advised that although the court agrees that claims 3 thru 6 were exhausted on

26  direct appeal this does not mean that they are timely because they necessarily relate back to the

27  date the original petition was filed.  An amendment made after AEDPA's one-year statute of

28  limitation has run relates back to the date of the original pleading if the amendment "asserts one or

4

more claims that arise out of 'the conduct, transaction, or occurrence' that the original petition "set out" or "attempted to . . . set out." Ross v. Williams, 950 F.3d 1160, 1167 (9th Cir. 2020) (en banc) (quoting Fed. R. Civ. P. 15(c)(1)(B)).  An amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005) (finding that new coerced confession claim did not relate back to original petition that raised only factually distinct Confrontation Clause claim).  Only if the original and amended petitions state claims that are tied to a common core of operative facts will relation back be in order.  Id. at 664.

Petitioner is further advised that if his new claims are time-barred by the relevant limitation period, he will bear the burden of showing that he is entitled to equitable tolling.  Specifically, he will have to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).

## V.

Petitioner's renewed request for appointment of counsel is denied without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court).  Petitioner clearly presented his claims for relief in the original petition and the proposed FAP and has continued to ably advocate for himself and his positions (albeit with the assistance of a fellow prisoner) throughout these proceedings.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The court will appoint counsel on its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

/

/

**VI.**

For the foregoing reasons, petitioner's motion (ECF No. 65) for a stay under Rhines to exhaust new claims 7 and 8 is GRANTED.  The clerk is instructed to ADMINSITRATIVELY CLOSE the case.  Nothing further will take place in this matter until petitioner exhausts his new claims 7 and 8 in the state courts and, within 28 days thereafter, moves to reopen the case and lift's the court's stay.

**IT IS SO ORDERED**.

Dated:  November 28, 2022

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

6